337 N.W.2d 779 (1983)
215 Neb. 225
SIDNEY FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, Appellee,
v.
Arlo D. JONES et al., Appellants,
Dalton State Bank et al., Appellees.
No. 83-086.
Supreme Court of Nebraska.
August 12, 1983.
*780 R. Kevin O'Donnell, McGinley, Lane, Mueller, O'Donnell & Merritt, Ogallala, for appellants.
Thomas M. Sonntag, John Peetz, P.C., Sidney, for appellee ESU No. 14.
Paul E. Hofmeister, Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, Gering, for appellee Dalton State Bank.
No appearance for appellee Sidney Federal Sav.
KRIVOSHA, C.J., and BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.
WHITE, Justice.
This is an appeal from the District Court for Cheyenne County, Nebraska, by appellants, Arlo D. Jones and Leora F. Jones, husband and wife, against appellee Sidney Federal Savings & Loan Association (Sidney Federal Savings), a corporation. The Dalton State Bank, while supportive of the position of appellants in this case, is an appellee. The District Court determined that the Sidney Federal Savings' mortgage was the first lien on the subject real estate; that the appellee Educational Service Unit No. 14 of the State of Nebraska (ESU No. 14) was entitled to a second lien; and that the Dalton State Bank, Dalton, Nebraska, was entitled to a third lien on the subject real estate. We affirm in part, reverse in part, and remand with instructions.
An understanding of the facts is necessary for a determination of this action.
Arlo D. Jones and Leora F. Jones, as owners of certain real estate in Sidney, Nebraska, by contract agreed to sell the land to ESU No. 14. The land contract was recorded. In order to finance the construction of a building on the property to the design specifications of ESU No. 14, ESU No. 14 executed an agreement whereby it subordinated any priority that it may have been entitled to by reason of the prior execution *781 of the land contract to a certain real estate mortgage executed by the owners, Arlo D. Jones and Leora F. Jones, on the subject property and other property in Sidney, Nebraska. The priority of the first mortgage to Sidney Federal Savings and the validity of the subordination agreement are not questions on appeal. Subsequent to the execution of the subordination agreement and the mortgage and note resulting therefrom, Arlo D. Jones and Leora F. Jones executed, as security for various notes due the Dalton State Bank, a mortgage to the said Dalton State Bank on the same property covered by the Sidney Federal Savings' mortgage. The amounts paid by ESU No. 14 pursuant to its contract of purchase are not disputed, nor is the amount due and owing the Dalton State Bank under various notes which are the subject of foreclosure. In determining the order of priority the court found that ESU No. 14 had an equitable vendee's lien for the total amount paid, including an amount designated as interest on both the land and building contracts. It is that part of the finding to which the appeal by Arlo D. Jones and Leora F. Jones and the Dalton State Bank is directed. Although several errors are discussed, we shall discuss only the subject of the interest.
It is established in Nebraska law that a vendee under an executory land contract is entitled to an equitable lien for such amount which has been paid on the purchase price as against a subsequent creditor or purchaser from the vendors. Robinson v. Bressler, 122 Neb. 461, 240 N.W. 564 (1932). See Annot., 82 A.L.R.3d 1040 (1978). See, also, 92 C.J.S. Vendor & Purchaser § 556 d. (1955).
In this case the vendee, ESU No. 14, entered into two agreements with Arlo D. Jones and Leora F. Jones. The first of said agreements was dated November 22, 1971, and was for the purchase of the real estate in Block 19 of Clarkson's Second Addition to Sidney, Nebraska, and the second was an agreement whereby the appellants would erect a steel free-span structure to ESU No. 14 specifications. The second agreement was dated February 1, 1974, and provided that after May 1, 1974, ESU No. 14 should pay on the indebtedness the sum of $852.97 per month. The total indebtedness on both contracts was $123,076.55, and the parties agreed that the contracts as of May 1, 1974, had an unpaid balance of $94,800. To the date of trial ESU No. 14, for the entire period that it occupied the property, had paid $114,782.73, with $47,123.55 designated as principal and $67,659.18 as interest. The unpaid balance of both contracts bore interest at the rate of 9 percent, which the appellants agreed to pay to Sidney Federal Savings. It is undisputed in the record that ESU No. 14 had possession and benefit of the premises for 12 years before the foreclosure proceeding was instituted by Sidney Federal Savings. According to the teachings of Robinson v. Bressler, supra, a determination of the propriety of allowing interest payments to be added to an equitable lien ought to be connected with and be set off against the reasonable value of the defendants' retention of possession of the property. As the court in Robinson said at 474, 240 N.W. at 569: "[I]t does not seem right that the plaintiffs should by any computation become chargeable for so much of an excess in favor of the defendants who during the time retained possession and received the rents and profits from the whole property." As between a creditor of, a purchaser from, or the vendor himself, a vendee under an executory land contract has made payments on the property but has also had exclusive possession and the right to use the property, and therefore an offset should be provided to such amount as against payments designated as interest. The amount of the setoff is determined by the reasonable value of the use of the property, which the trial court neglected to do in this case.
Although raised only obliquely by the issues of the case, the allegation by Dalton State Bank that it had a superior lien as against ESU No. 14 brings into issue all amounts claimed by ESU No. 14 as a superior lien to the property. As part of that necessary consideration, the trial court *782 should have considered the value of the reasonable use of the property.
ESU No. 14 suggests there was no evidence as to the reasonable value of the use of the property presented by the appellants. We think the better rule is that in a case where performance of a land contract is frustrated by the act or neglect of the vendor, the measure of damages should be the recovery of amounts properly designated as principal and such amounts of interest and value of improvements as exceed the reasonable value of the use of the property. Robinson v. Bressler, supra.
We affirm in part, reverse in part, and remand for proceedings not inconsistent with this opinion.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.
SHANAHAN, J., not participating.